**McMillan Law Group**
Julian McMillan, Esq. (SBN: 241937)
Alan Shepard (SBN: 292590)
2751 Roosevelt Rd., Suite 204
San Diego, CA 92106
Phone: 858-499-8951
Fax: 619-241-8291
Julian@mcmillanlawgroup.com
Alan@mcmillanlawgroup.com

Attorneys for Plaintiff Zxelan Richard Bonn

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re<br><br>Zxelan Richard Bonn<br><br>            Debtor/Plaintiff.<br>_____<br><br>Zxelan Richard Bonn,<br><br>            Debtor/Plaintiff,<br>    -v-<br><br>Sallie Mae, Inc, National University, and Educational Credit Management Corporation,<br><br>            Defendant. | Case No.: 11-08757-PB7<br>Adv. Proc. No.: 11-90413-PB<br><br>**DEBTOR'S OPPOSITION TO SALLIE MAE, INC.S' MOTION TO DISMISS SALLIE MAE INC. AS A PARTY DEFENDANT**<br><br>**Hearing Date:** May 12, 2014<br>**Time:** 10:00 AM<br>**Dept:** 4 |

   Debtor Zxelan Richard Bonn ("Mr. Bonn" or "Plaintiff") opposes Sallie Mae, Inc.'s ("Sallie Mae") Motion to Dismiss Sallie Mae Inc. as a Party Defendant and submits the following Memorandum of Points of Authorities in support of his opposition.

///

///

///

## I. Introduction and Procedural Posture

Plaintiff seeks a determination that the payment of his student loans would impose an undue hardship under 11 U.S.C. § 523(a)(8). Plaintiff filed an Amended Complaint naming Sallie Mae as a creditor and defendant on September 7, 2011. (Docket No. 8.) Plaintiff's Amended Complaint alleges that Sallie Mae is a necessary party because it is the servicer and holder of the student loans. (Am Compl. ¶¶ 22, 32, 44.) Plaintiff requested an entry of default against Sallie Mae, but the request was denied without explanation.

Sallie Mae filed a motion to dismiss on August 13, 2012, nearly a year after being served with the summons and Complaint. (Docket No. 169.) This Court took the matter under submission, but on March 21, 2014 the Court decided not to rule on the matter. (Docket No. 271.) Sallie Mae brings the same motion again.

Because Sallie Mae is an indispensible party and there is a factual dispute over whether Sallie Mae is a holder of the student loans, this Court cannot rule on Sallie Mae's Motion to Dismiss as a matter of law. Plaintiff respectfully requests that this Court must dismiss the Sallie Mae's Motion to Dismiss Sallie Mae as a party.

## II. Argument

### A. Applicable Legal Standard

Sallie Mae brings its "Motion to Dismiss" under FRCP 21, not FRCP 12. FRCP 21 applies to misjoinder of parties. FRCP 21 allows the Court to dismiss dispensable parties. *See* Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1154 (11th Cir. 1985). A motion to dismiss must be brought timely and must not cause prejudice to the parties. *See* Atwood v. Pac. Mar. Ass'n, 432 F. Supp. 491, 493 (D. Or. 1977) aff'd, 657 F.2d 1055 (9th Cir. 1981) (holding that it would unfairly prejudice the parties to dismiss a party 2 years after commencement of the action.) Sallie Mae misstates the relevant rule for dismissal under FRCP 21 when citing Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365 (10th Cir. 1998). (Motion to Dismiss, ¶20.) In *Lenon*

the Court held that a party may be dismissed by the Court in order to preserve diversity, if the party is dispensable. Id.

Similar to a motion to dismiss under FRCP 12 (c), the motion to dismiss under FRCP 21 should be based upon the facts pled in the Complaint. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980). Accordingly, the Court must assume the truth of all the material facts pled in Plaintiff's Complaint and determine if Sallie Mae is entitled to dismissal as a matter of law. *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d. 1542, 1550 (9th Cir. 1989).

### B. Sallie Mae is a Necessary Party to this Action

The Court cannot dismiss Sallie Mae, because Plaintiff has alleged that Sallie Mae is an interested party which holds an interest in his student loans. (Am. Compl. ¶¶ 22, 32, 44.) Sallie Mae contends that it may be dismissed from this case because it is not a holder of the loans, and because it assigned its interest to USAF. (Motion to Dismiss, ¶13; Decl. Petra Shipman, ¶5.)

As either the holder of the loans or the service, Sallie Mae has the ability to recognize Plaintiff's loan obligation as discharged. Dismissing Sallie Mae will cause prejudice to Plaintiff, because it may be possible for Sallie Mae to continue pursuing the debt if it is dismissed. Further, because Sallie Mae admits that it is the servicer of the student loans (Decl. Petra Shipman, ¶6.), it holds much of the key evidence, facts, documents, knowledge, witnesses and more needed by Plaintiff in pursuing 11 U.S.C. §523(a)(8) discharge action.

Because the holders, guarantors, and servicers of a loan act in unison to effectively demand and collect payments under a loan, they all are indispensable parties in an action seeking a determination of dischargeability of student loans. Thus, dismissing Sallie Mae would unduly prejudice Plaintiff, and this Court should deny Sallie Mae's Motion to Dismiss.

### C. Sallie Mae's Status as a Holder of the Loans is a Disputed Fact

Even if the issue of whether Sallie Mae is a holder of the loans is relevant, Sallie Mae's status as the holder of the loans is a disputed material fact. Should the Court look beyond the pleadings as requested by Sallie Mae, it will see that Sallie Mae admits that it is the servicer of

the loans. (Decl. Petra Shipman, ¶6.) Outside of the self-serving declaration of Petra Shipman, Sallie Mae has not produced a single shred of evidence to show that it is not a holder or guarantor of Plaintiff's student loans. Sallie Mae has given insufficient evidence to contradict the allegations in the Amended Complaint. Because there is a dispute of material fact, this Court cannot dismiss Sallie Mae as a matter of law and this Court should deny the Motion to Dismiss.

### III. Conclusion

For the reasons above, Plaintiff respectfully requests the Court deny Sallie Mae's motion to dismiss itself from this case. Furthermore, the Plaintiff moves the court to reinstate all previously pending motions brought by Plaintiff, that the court recently removed off calendar unilaterally, until a final settlement is reached between all the remaining parties or the loan is otherwise discharged.

Dated: April 15, 2014                                              MCMILLAN LAW GROUP

By: */s/ Julian McMillan*
Julian McMillan, Esq.
Attorney for Zxelan Richard Bonn